IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Doug Nielsen,<br><br>    Petitioner,<br><br>vs.<br><br>Warden Conrad M. Graber,<br><br>    Respondent. | No. CV 11-344-TUC-JGZ (BPV)<br><br>**REPORT AND RECOMMENDATION** |

  Pending before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Petition), filed on June 9, 2011. (Doc. 1) Petitioner, Doug Nielsen claims that he was denied his due process right to a fair disciplinary hearing.

  Before the Court is the Petition with exhibits (doc. 1), Respondent's return with accompanying exhibits (doc. 12) (Answer), and Petitioner's reply (doc. 13).

  Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation. (Doc. 7)

  For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order denying the Petition.

**I. PROCEDURAL BACKGROUND**

  Petitioner is presently incarcerated in the Federal Correctional Institute (FCI) – Safford, Arizona. This was also his place of incarceration at the time of the incidents which resulted in the disciplinary proceedings at issue in this Petition, and at the time he filed the present Petition. Petitioner's disciplinary conviction resulted in the loss of 27

good time credits. Nielsen is currently serving a 285-month sentence of incarceration for possession with intent to distribute methamphetamine, and is projected to complete this sentence on May 24, 2012, via Good Conduct Time Release.

## II. DISCIPLINARY HEARING AND PROCEEDINGS

Following the imposition of sanctions, including the loss of 27 days of good time credits, imposed for fighting with another person in violation of Bureau of Prison's Disciplinary Code 201, Nielsen administratively appealed the disciplinary conviction claiming he was not provided with an impartial Discipline Hearing Officer (DHO) during his disciplinary proceedings because Lieutenant Wayne Elie participated in the investigation of the incident and subsequently was the DHO at his hearing. (*See* Petition at 7) Following administrative denial of the claim at all levels, Nielsen filed the instant Petition under 28 U.S.C. § 2241.

Subsequently, after the filing of the instant Petition, the Bureau of Prisons (BOP) determined a re-hearing of this disciplinary matter would be appropriate. Accordingly, a re-hearing was conducted on August 17, 2011, before DHO Joseph J. DeVore. (Answer, Ex. II, DeVore Declaration, ¶ 4.) DHO DeVore is stationed at FCI Terminal Island, California. (*Id.*, ¶ 1) DHO DeVore concluded Nielsen committed the disciplinary infraction and re-imposed sanctions. (*Id.*, ¶ 7) Despite the rehearing in front DHO DeVore, Nielsen maintains that the due process violations inherent in his initial hearing still entitle him to expunge his disciplinary conviction.

## III. DISCUSSION

### A. Jurisdiction

A federal court may not entertain an action over which it has no jurisdiction. *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Writ of habeas corpus relief extends to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1) & (3). A prisoner who wishes to challenge the manner, location, or conditions of a sentence's execution must bring a petition pursuant to § 2241 in the custodial court. *Hernandez,* 204 F.3d at 864, and must file the petition in

the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

In the instant case Petitioner is seeking relief with respect to disciplinary proceedings that, in part, resulted in the loss of good time credit while incarcerated at FCI-Safford. Petitioner is challenging the legality of the manner in which his sentence is being executed. Thus, the Petition is properly before this Court under 28 U.S.C. §2241.

B.  Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). The Government concedes that Petitioner exhausted his administrative remedies regarding the disciplinary action. (*See* Answer, Doc. 12, at 3, ¶ II.a; *see also* Petition, at 4, Exhibits, Administrative Remedies)

C.  Merits

*1.  Due Process*

Federal prisoners have a statutory right to good time credits. *See* 18 U.S.C. § 3624. Accordingly, they have a due process interest in the disciplinary proceedings that may take away those credits. *Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). "Due process in a prison disciplinary hearing is satisfied if the inmate receives written notice of the charges, and a statement of the evidence relied on by the prison officials and the reasons for disciplinary action." *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987)(citing *Wolff*, 418 U.S. at 563-66.). "The inmate has a limited right to call witnesses and to present documentary evidence when permitting him to do so would not unduly threaten institutional safety and goals." *Id.* (citing *Wolff*, 418 U.S. at 566.) Once these *Wolff* procedural protections are followed, the only function of a federal court is to review the statement of evidence upon which the committee relied in making its findings to determine if the decision is supported by "some evidence." *Superintendent. Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1984) ("The requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board.")

In the federal prison system, the Bureau of Prisons has, by regulation, adopted

specific guidelines for inmate discipline procedures which are set forth at 28 C.F.R. § 541.10 *et seq.*[1] These guidelines largely track the due process requirements established by the Supreme Court in *Wolff*. *See Young v. Kann*, 926 F.2d 1396, 1404 (3rd Cir. 1991). Under these regulations, when prison staff have reason to believe that a prohibited act has been committed by an inmate, an incident report must be prepared and referred for investigation. 28 C.F.R. § 541.14. After investigation, the incident report is referred to a Unit Discipline Committee (UDC) for an initial hearing. 28 C.F.R. § 541.15. The UDC may either reach a finding regarding whether a prohibited act was committed, or refer the case to the Discipline Hearing Officer (DHO) for further hearing. 28 C.F.R. § 541.15(f). The DHO then has the authority to dismiss any charge, to find a prohibited act was committed, and to impose any available sanction for the act. 28 C.F.R. § 541.18. The DHO hearing is conducted pursuant to the procedures set forth at 28 C.F.R. § 541.17.

Throughout this hearing process the inmate is provided with a series of procedural rights. For example, the inmate is entitled to notice of the alleged infraction. 28 C.F.R. § 541.17(a). The inmate is also entitled to assistance at DHO hearings. 28 C.F.R. § 541.17(b). Additionally, "[i]n order to insure impartiality, the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16(b).

At the time of his first DHO hearing, Nielsen was provided a Notice of Discipline Hearing Before the DHO, along with a statement of Inmate Rights at Discipline Hearing. (Answer, Ex. II, Attachment 3) Nielsen waived the right to a staff representative, requested no witnesses and offered no documentary evidence. (Answer, Ex. I, Attachment 3, DHO Report, ¶¶ II. – III.) Nielsen commented at the hearing that " I

---

[1] The regulations promulgated in this section have, since the time of Petitioner's offense been revised and renumbered. *See* 75 FR 76263-01. The regulation directing the conduct of DHO hearings is now found at 28 C.F.R. 541.8, Inmate Discipline and Special Housing Units, Discipline Hearing Officer hearing. This Report and Recommendation will refer to the 2010 version of the regulations in existence at the time of Petitioner's disciplinary proceeding.

disagreed with inmate Mahler about the faster way to square and inmate Mahler started saying things, degrading me in front of the other students. I told inmate Mahler to stop and he wouldn't so I started hitting inmate Mahler." (*Id.*, ¶ III.B.) After considering the incident report, including the contract teacher's statements in which he observed Nielsen involved in a physical altercation with another inmate, the memorandum submitted by the contract teacher stating essentially the same thing, Inmate Mahler's statement that Nielsen hit him, and Nielsen's admission that he threw the first punch, DHO Elie found Nielsen committed the prohibited act of fighting with another person in prohibition of Code 201. (*Id.*, ¶ V.) The DHO Report reflects that two inmate statements were obtained (*id.*, ¶ III.D.), but were not considered by the DHO in reaching his conclusion that Nielsen committed the prohibited act (*id.*, ¶ V.). DHO Elie imposed sanctions of loss of 27 days Good Conduct Time, Disciplinary Segregation of 15 days, an additional 15 days of Disciplinary Segregation suspended pending 180 days clear conduct, 60 days loss of e-mail privilieges, 60 days loss of telephone privileges, and 60 days loss of visiting privileges. (Id, Ex.1, Attachment 3, DHO Report)

At the time of his re-hearing, Nielsen was again advised of the charges and his rights, and waived his rights to a staff representative and his right to have witnesses, and offered no documentary evidence. (*Id.*, ¶ 4; Answer, Ex. II, Attachment 2, ¶¶ II.-III. ) Nielsen admitted being involved in a fight, and stated that he didn't start the fight, but that he finished it. (Answer, Ex. II, DeVore Declaration, ¶ 5) DHO DeVore found Nielsen committed the disciplinary infraction of fighting, in violation of Code 201 after considering the content of the incident report which documented the encounter between the Officer writing the report and the contract employee who witnessed the fit, in addition to the typed and signed memo of the contract employee who witnessed the fight, as well as Nielsen's admission. (Answer, Ex. II, DeVore Declaration, ¶ 6; Ex. II, Attachment 2, ¶ V) The statements by the two inmate witnesses previously obtained were not considered. The sanctions imposed by DHO DeVore were not greater than those imposed by DHO Elie, and sanctions that had been previously served were not re-imposed.

Initially, it is not evident that DHO Elie's interview of two witnesses actually

occurred or was in violation of Petitioner's due process rights. Only Nielsen's own affidavit, not the affidavit of the two witnesses, states that the two inmate witnesses were questioned by Lt. Elie as part of an investigation to the incident. (Petition, Affidavit of Doug Nielsen, ¶ 6) No affidavit is provided by the witnesses themselves that this is what in fact occurred. Though the witness statements appear on the DHO report, it is not clear when they were obtained.

Additionally, even though it violates prison regulations for a DHO to conduct an investigation, a violation of a Bureau of Prisons' regulation does not necessarily implicate due process. Indeed, due process does not impose a requirement that the DHO not take part in the investigation. As noted above, the Supreme Court held that the Constitution requires compliance with minimal federal due process standards and explained that these minimal requirements are: (1) written notice of the charges against an inmate at least 24 hours before a disciplinary hearing; (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in an inmate's defense. *Wolff*, 418 U.S. at 563-67. As these requirements were met in this case, Petitioner's dissatisfaction with the DHO's participation in his disciplinary proceeding, absent any demonstration of actual bias or impartiality on the part of the DHO does not implicate due process concerns, and Petitioner has not in fact articulated any way in which he was harmed by the alleged procedures. Moreover, the relevant inquiry is not "whether the prison complied with its own regulations," but whether Plaintiff was "provided with process sufficient to meet the *Wolff* standard." *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

Nonetheless, Petitioner was granted a new hearing, with a new DHO who had not taken any part in the investigation, and to whom Petitioner does not raise any allegation of impartiality or bias. Accordingly, Petitioner was provided an impartial decision-maker under the definition set forth in *Wolff, supra,* and under 28 C.F.R. § 541.16.

As to the rehearing being a due process violation because BOP rules do not

provide for such rehearing, the prisoner provides no cogent argument or legal support for the proposition. Similarly the court finds no basis for the contention that a rehearing cannot be held while a court action is pending as to the same matter. Indeed, the absurdity of such a position would be manifest in any matter in which the prisoner received the same or a more favorable disciplinary outcome on rehearing than in the prior proceeding. Essentially, petitioner contends that the respondent violated due process by acting to afford him due process, and he therefore fails to state a cognizable claim of due process violation. *See Gaines v. Stenseng*, 2006 WL 219910 (D.Kan.) (citing cases).

Petitioner asserts the rehearing deprived him of the opportunity to present documentary evidence and to call witnesses. The complete denial of the opportunity to present specifically identifiable witnesses who possess exculpatory evidence is a procedural defect which necessarily implies the invalidity of the deprivation of good time credits. *See Edward v. Balisok*, 520 U.S. 641, 646 (1997). Though Nielsen alleges his rehearing deprived him of the opportunity to present witnesses and evidence, Nielsen acknowledged that he understood his right to both a staff representative and to present witnesses and evidence, but waived both these rights.  (*Id.*, ¶ 4; Answer, Ex. II, Attachment 2, ¶¶ II.-III.), Furthermore, Nielsen does not allege what exculpatory evidence or witnesses he would have presented.

The Court also finds that Petitioner's habeas corpus petition is fatally deficient because there are no allegations suggesting that Petitioner was wrongly disciplined. In other words, Petitioner offered no reason to think that he might have been found not guilty of the charged Code 201 violation if he had been afforded more generous procedural benefits during the DHO proceedings. Thus, even if there was some procedural flaw in the DHO proceedings, it apparently was a harmless error.

One Magistrate Judge recently summarized harmless error analysis as it applies in the prison disciplinary setting as follows:

> On a repeated and consistent basis, federal courts hold that in prison disciplinary cases, "[e]ven if a prison official's actions create a potential due process violation, a habeas petitioner needs to demonstrate that he was harmed by the violation in order to obtain relief." *Jordan v. Zych, No.*

*7:10–cv–491* (W.D.Va.2011) 2011 WL 2447937 at *4, *citing Brown v. Braxton*, 373 F.3d 501, 508 (4th Cir. 2004). *See also Powell v. Coughlin*, 953 F.2d 744, 751 (2nd Cir. 1991) ("it is entirely inappropriate to overturn the outcome of a prison disciplinary proceeding because of a procedural error without making the normal appellate assessment as to whether the error was harmless or prejudicial"); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (alleged due process violation rejected based on harmless error analysis, because prisoner failed to explain how excluded testimony would have aided his defense against disciplinary charges); *Pilgrim v. Luther*, 571 F.3d 201, 206 (2nd Cir. 2009) ("a prisoner is entitled to assistance in 'marshaling evidence and presenting a defense,' " but "any violations of this qualified right are reviewed for 'harmless error' "); *Grossman v. Bruce*, 447 F.3d 801, 805 (10th Cir. 2006) ("errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review").

*Adams v. Federal Bureau of Prisons*, 2011 WL 7293381, *3 (D.Minn., December 6, 2011) Here, Petitioner has not shown that the outcome of the DHO disciplinary proceedings would have been different if he had been afforded an impartial DHO at the first proceeding. Petitioner admitted the violation throughout the first proceeding. At the second DHO hearing, Petitioner requested no witness, nor offered to present any documentary evidence in his defense, and again admitted the offense. Petitioner has consistently maintained that he "admitted to the charged incident and is not disputing the fact to the date of this petition." (Reply, at 8) Thus, even if procedural errors did occur during the DHO disciplinary proceedings, Petitioner has offered no reason to believe that any such errors affected the outcome of the proceedings. For this additional reason, Petitioner cannot be granted a writ of habeas corpus based on his current due process claims.

Accordingly, the Court finds that Petitioner's claim that he was deprived of due process is without merit and fails to provide a basis for relief.

**IV.        RECOMMENDATION**

The Magistrate Judge recommends that the District Court, after its independent review, enter an order DENYING the Petition.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections

1-28

within fourteen days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.

If objections are filed the parties should use the following case number: **No. CV-11-344-TUC-JGZ.**

Dated this 7th day of March, 2012.

_____
Bernardo P. Velasco
United States Magistrate Judge